GEORGE E. GREENE v. E. B. FREEMAN.[1]

January 20, 1928.

No. 26,322.

**Verdict on conflicting evidence sustained on appeal.**

Verdict of $1,000 for personal injury, where evidence of negligence of automobile driver and contributory negligence of plaintiff was conflicting, sustained.    [Reporter]

> Appeal and Error, 4 C. J. p. 855 n. 82.
> Damages, 17 C. J. p. 1095 n. 89.
> Motor Vehicles, 42 C. J. p. 1249 n. 92; p. 1264 n. 74.

---

> See 2 R. C. L. 1186; 1 R. C. L. Supp. 725; 4 R. C. L. Supp. 149; 5 R. C. L.
>     Supp. 135; 6 R. C. L. Supp. 130.
> See note in L. R. A. 1915F, 30; 46 A. L. R. 1230.

Defendant appealed from an order of the district court for Hennepin county, Nordbye, J. denying his motion for a new trial. Affirmed.

*Shearer, Byard & Trogner,* for appellant.

*Mead & Bryngelson* and *Beth Bryngelson,* for respondent.

PER CURIAM.

Plaintiff recovered a verdict of $1,000 for injuries sustained in an automobile collision which occurred at or near the intersection of Twenty-eighth street with Twenty-seventh avenue south in the city of Minneapolis on Labor Day, September 7, 1925. Defendant appealed from an order denying a new trial.

There are only two assignments of error: That the verdict is not justified by the evidence; and that it is excessive.

Twenty-seventh avenue runs north and south and Twenty-eighth street east and west. Plaintiff, driving a Ford coupé, proceeded north on Twenty-seventh avenue to Twenty-eighth street. He says he was going to a store on Twenty-eighth street for groceries and that as he approached that street he turned up to the curb on Twenty-seventh avenue, stopped, set his emergency brake, and was about to open the right-hand door when defendant's car struck the rear of his car with such force that he was thrown backward, his head breaking the glass in the back of the car, and that he was rendered unconscious for a few minutes. Defendant says that plaintiff did not stop,

[1]Reported in 217 N. W. 485.

but as he approached Twenty-eighth street swung toward the right-hand side of Twenty-seventh avenue and then started to make a left turn without giving any signal.

The evidence as to negligence on the part of defendant and contributory negligence on the part of plaintiff is conflicting and sufficient to make questions for the jury and, although we might reach a different conclusion if we were determining the facts, their verdict must stand.

Plaintiff is a carpenter. He received a wound on his head which was dressed by a doctor. He claims some impairment of his eyesight, but whether this is attributable to the injury is doubtful. He claims that since the accident he has been afflicted with headaches, spells of dizziness and other disabilities, and that he is unable to do such work as laying floors, because the necessary stooping and bending bring on dizziness. The verdict is liberal for the injuries established, but we find no ground which would justify this court in disturbing it.

Order affirmed.